**In re:**

| | |
|---|---|
| **All-City Towing LLC,**[1] | Case No. 26-20523-rmb |
| **Bret's Towing LLC,** | Case No. 26-20524-rmb |
| | **Chapter 11 Proceedings** |
| | **(Motion for Joint Administration Pending)** |
| **Debtors.** | |

**MOTION FOR APPROVAL OF USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO SECURED CREDITORS, WITH REQUEST FOR PRELIMINARY APPROVAL <u>ON AN EMERGENCY BASIS – NO LATER THAN 3:00 P.M., FEBRUARY 4, 2026</u>**

All-City Towing LLC ("All-City"), together with Bret's Towing LLC ("Bret's Towing" collectively, All-City and Bret's referred to as the "Debtors"), move for the following relief:

**Relief Requested**

(1) Approval of the use of cash collateral in which Newtek Business Services Holdco 6, Inc. ("Newtek"),[2] Old National Bank ("Old National"), the United States Small Business Administration ("SBA"), AKF Inc. dba Fundkite ("Fundkite"), MCA Servicing Company ("MCA Servicing"), Aurum Funding Source ("Aurum Funding") Panthers Capital ("Panthers"), and TVT Capital Source ("TVT") (collectively Newtek, Old National, SBA,

---

[1] The motion for joint administration has been filed in each of the affiliated debtors' cases. At the time this motion was filed, the Court had not granted it. The caption showing related debtors is being used to alert parties-in-interest that an identical motion is being filed in each case. The caption should not be construed that Court has approved the joint administration motion

[2] From Kerkman & Dunn's review of documents, it appears that Newtek is related or has an assignor/assignee relationship with NBL SPV II LLC, or one services the debt for the other. As of the filing of the petitions, the Debtors were still paying Newtek, not NBL. Until Kerkman & Dunn have sufficient information to determine the relationship, the pleadings refer to Newtek but notices are being provided to both Newtek and NBL

Fundkite, MCA Servicing, Aurum Funding, Panthers, and TVT are referred to as the "Secured Creditors") may have an interest, and to provide adequate protection pursuant to § 363(c)(2)(B) and (3) of the Bankruptcy Code, and Fed. R. Bankr. P. 4001(b).

(2) An ***emergency*** preliminary hearing ***on or before 3:00 p.m. on Wednesday, February 4, 2026, 2025,*** for interim use of cash collateral to avoid immediate and irreparable harm.

## Basis for Relief Requested

In support of its motion, the Debtors state:

### Cash Collateral Rule 4001(b)(1)(B) Concise Statement of Relief Requested

(i) *Entities that may have an interest in cash collateral:*
As to All-City: Secured Creditors ***except*** for Old National; and
As to Bret's: Secured Creditors ***except*** for the SBA.

(ii) *Purposes for the use of cash collateral:* continued operations of the Debtors' businesses without interruption, including payment of wages for 85 employees.

(iii) *Material Terms, including duration, of the use of the cash collateral.* The Debtors seek authority to use cash collateral to allow continuous operation of their businesses throughout the pendency of these bankruptcy cases, including on a preliminary and final basis.

(iv) *Any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral.* Replacement liens in the same priority and to the same extent as existed before the Petition Date; extension of liens as allowed under the Bankruptcy Code; replacement liens granted; adequate payments as stated in ¶ 16(c) of this motion; reporting requirements. These items are more described in ¶ 16.

## Jurisdiction

1. On February 1, 2026, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The Debtors are continuing to operate their businesses and manage their affairs as debtors-in-possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to §§ 157 and 1334, and the

order of reference filed in this District entered under §157(a).

4. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M) as a matter with respect to the administration of the Debtor's estate and the use of cash collateral.

**Background on Debtors' Businesses and Need for Use of Cash**

5. The Debtors are owned by Jeffrey J. Piller. Background information on the Debtors is contained in the Declaration of Jeffrey J. Piller filed on the Petition Date (the "Piller Decl.").

6. All-City and Bret's Towing operate auto repair, towing, and transportation businesses in and around Milwaukee and Sheboygan, Wisconsin.

7. The Debtors' businesses have daily cash needs, Monday through Friday, to pay for parts, employees, and other expenses. The projected expenses and income are provided on the budget attached to the Piller Declaration as Exhibit 1. Between the Debtors' combined operations, they expect to increase the post-petition cash.

8. All-City and Bret Towing pay their employees, the mechanics, office employees, and drivers, on a weekly basis. Funds are drawn from All-City's account every Wednesday to meet the payroll on Thursday. The next payroll is Thursday, February 5th.

9. The expenses needed on an emergency basis are included in the budget attached as Exhibit 1. Without access to the cash, the Debtors will not be able to pay employees. Employees will not continue to work if they are not paid. The Debtors will not be able to operate without their employees.

10. The other Debtors also need the use of cash collateral but not necessarily on an expedited basis. Mactire Services receives lease payments from third parties for rent. Rents are used to pay for expenses as they arise or are remitted to All-City. All-City pays for its building

3

expenses in Grafton and Milwaukee either direct or through Mactire Services. The same is true for Bret's Towing and its building expenses in Sheboygan. Mactire Services has costs to maintain the properties, including taxes, insurance, etc. Those amounts need to be paid.

11. As shown in Exhibit 1, All-City and Bret's Towing operate on a positive basis without their full debt service. Other than Mactire Services, the other corporate debtors are real estate holding companies. Their expenses are paid from rent collected by Mactire Services and supplemented by All-City or Bret's Towing as needed.

### Description of Secured Claims

12. *All-City.* The SBA appears to have a perfected lien against the cash collateral of All-City by virtue of a UCC financing statement recorded December 13, 2021. Newteck appears to have a perfected lien against the cash collateral of All-City. NLC SPV II LLC ("NLC") recorded an assignment from Newtek of its financing statement filed September 4, 2025. Other secured creditors assert liens on the cash collateral as follows: Fundkite under a loan agreement dated October 21, 2025 (Corporation Service Company, As Representative, recorded a UCC financing statement as of the same date believed to be on behalf of Fundkite); MCA Servicing under a loan agreement dated October 24, 2025 (CHTD Company recorded a UCC financing statement as of October 27, 2025, believed to be on behalf of MCA Servicing); Aurum Funding under a loan agreement dated November 24, 2025 (the Debtors have not identified a corresponding filed UCC financing statement); Panthers Capital under a loan agreement dated December 2, 2025 (C T Corporation Systems recorded a UCC financing statement dated December 3, 2025, believed to be on behalf of Panthers Capital); TVT under a loan agreement dated December 24, 2025 (C T Corporation System recorded a UCC financing statement December 31, 2025, believed to be on

4

behalf of TVT). Copy of the All-City UCC result list accompanies this motion as Exhibit 2.[3]

13.     ***Bret's Towing.*** Old National appears to have a perfected lien against the cash collateral of Bret's Towing by virtue of UCC financing statement dated July 31, 2023. Newtek asserts a lien by virtue of an assignment from Newtek of its financing statement recorded September 4, 2025. Other secured creditors assert liens on the cash collateral as follows: Fundkite under a loan agreement dated October 21, 2025 (Corporation Service Company, As Representative, recorded a UCC financing statement as of the same date believed to be on behalf of Fundkite); MCA Servicing under a loan agreement dated October 24, 2025 (CHTD Company recorded a UCC financing statement as of October 27, 2025, believed to be on behalf of MCA Servicing); Aurum Funding under a loan agreement dated November 24, 2025 (the Debtors have not identified a corresponding filed UCC financing statement); Panthers Capital under a loan agreement dated December 2, 2025 (C T Corporation Systems recorded a UCC financing statement dated December 3, 2025, believed to be on behalf of Panthers Capital); TVT under a loan agreement dated December 24, 2025 (C T Corporation System recorded a UCC financing statement December 31, 2025, believed to be on behalf of TVT). A copy of the Bret's Towing UCC result list accompanies this motion as Exhibit 8. It is attached to the Declaration of Evan Schmit filed with this motion.

**Cash Collateral Asset Descriptions**

14.     As of January 31, 2026, the Debtors had the following cash on hand and in their respective accounts:

---

[3] Other parties claim liens in equipment and any proceeds from the equipment based upon purchase money security interests. The Debtors intend on filing separate motions to provide adequate protection to the equipment/vehicle lenders.

*All-City:*

| Description | Amount |
|---|---:|
| Cash On Hand | $ 410.23 |
| Bank Accounts | |
|     Associated Bank (Payroll '333) | $ 100.00 |
|     Associated Bank (Operating '492) | $ 83,725 |
| Accounts Receivable | $ 447,000 |

*Bret's Towing.*

| Description | Amount |
|---|---:|
| Cash On Hand | $ 8 |
| Bank Accounts | |
|     Associated Bank (Operating '659) | $ 35,634 |
| Accounts Receivable[4] | $ 207,000 |

15. By this motion, the Debtor seeks authority pursuant to § 363(c)(2)(B) of the Bankruptcy Code to use the cash collateral during the pendency of the Debtors' cases.

**Proposed Adequate Protection for Use of Cash Collateral**

16. The Debtors seek authority under § 363(c)(2)(B) to use cash collateral conditioned upon providing Adequate Protection as described below for any party with an interest in cash collateral:

    (a)    ***Replacement Liens.*** Each Secured Creditor with a perfected lien is granted replacement liens of the same priority to the same extent in the collateral, as the creditor held before the Petition Date (collectively, "Replacement Liens"). The Replacement Liens are deemed automatically perfected upon entry of an order

---

[4] Includes two receivables of more than 90 days for a combined $169,000. Both are related to removals of wrecks. Debtor is in litigation for one and contemplating a lawsuit for the other. Likelihood of payment is unknown.

granting this motion without the necessity of any of the creditors taking possession, filing financing statements, mortgages or other documents. Creditors shall not be entitled to improve their secured position due to be granting Replacement Liens.

(b) *Extension of Pre-Petition Liens.* Perfected liens on cash collateral under documents existing on the Petition Date will extend to the cash collateral after the Petition Date, and the products and proceeds of the cash collateral under § 552(b) of the Bankruptcy Code.

(c) *Adequate Protection Payments.* Newtek shall be paid $59,172.49, as required under the documents between it and All-City, as applicable, that existed on the Petition Date. SBA shall be paid $2,570.00 as required under the documents between it and All-City, as applicable, that exist on the Petition Date. Old National shall be paid $4,089.52 as required under the documents between it and Bret's Towing. The Debtors do not believe any other creditors have an interest in cash collateral because the liens with a higher priority will attach to all available equity in the collateral.

(d) *Reporting.* The Debtors will provide reports of their receipts and distributions consistent with the monthly reporting requirements for chapter 11 cases or order of the Court.

(e) *Insurance.* The Debtors will continue to maintain general property and liability coverage consistent with their coverage before the Petition Date and requirements under the pre-petition loan documents with respect to the collateral.

**Legal Authority for Cash Collateral Relief Requested**

17. Under the Bankruptcy Code, a debtor cannot use cash collateral unless it has

consent from the entity that has an interest in cash collateral, or "the court, after notice and a hearing authorizes such use." § 363(c)(2)(B). Cash collateral includes a debtor's "cash, negotiable instruments, documents of title, securities, deposit accounts, [including] the proceeds, products, offspring, rents, or other profits of property… ." § 363(a).

18. Expenditures and use of the cash collateral will preserve and maintain the Debtors' businesses, thus allowing it to continue providing additional adequate protection to secured creditors. Without the ability to use the cash collateral, the Debtors would eventually be forced to liquidate their businesses, which would unjustifiably jeopardize the interests of the estates and creditors.

19. The Bankruptcy Code does not define "adequate protection," but § 361 provides examples such as (a) cash payments to the extent the collateral is decreasing in value, (b) giving the secured lender replacement liens on the collateral, and (c) granting other relief as will result in giving the secured lender the indubitable equivalent of the lender's interest in the collateral.

20. The purpose of adequate protection is to guard against diminution in the value of a secured creditor's collateral and to preserve the secured creditor's position as of the date the bankruptcy was filed. *See Resolution Trust Corp. v. Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994).

21. In this case, the Debtors are proposing to use the cash collateral by providing replacement liens, making adequate protection payments, continuing insurance and complying with reporting requirements under the Bankruptcy Code.

22. The adequate protection payments and replacement liens will protect creditors with liens in cash collateral from their diminution of the value. The Debtors submit that the Adequate Protection proposed in this motion is fair and reasonable.

23. The Debtors' use of the Collateral will not prejudice any party in interest because, absent the authorization to use such Collateral, the Debtors' operations would quickly shut down. Accordingly, the interests of the creditors with perfected liens (and other creditors in the Debtors' cases) will be best served by permitting the Debtors to use cash collateral.

24. The Debtors request approval of their use of cash collateral and adequate protection on a final basis and request that the Court set a hearing on final approval as provided in Fed. R. Civ. P. 4001(b). The Debtor has submitted a proposed order granting approval the use of cash collateral on preliminary and final basis.

**Request for Preliminary Approval on an Emergency Basis**

25. The Debtors request approval of this motion on a preliminary basis under § 363(c)(3) of the Bankruptcy Code. That section authorizes approval on a preliminary basis if there is a reasonable likelihood that the Debtors will prevail at the final hearing. However, preliminary approval before 14 days' notice must only be for the cash collateral that "is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2).

26. The Debtors require immediate use of cash collateral to make payments to continue operations. Payment for payroll is due by 4:00 p.m., Wednesday, February 3, 2026. The Debtors must also continue to pay for other operating expenses.

27. The expenses that must be paid on a preliminary basis before final approval of the use of cash collateral are projected for the next eight weeks on Exhibit 1, which is attached to the proposed order. The Debtors request the ability to incur up to 10% more than the amounts listed without further approval, and to incur more than 10% of the amounts listed with the approval of the Newtek, SBA, and Old National.

28. The Debtors initially request approval for the use of cash collateral and adequate protection on a preliminary basis and request that the Court set a hearing on preliminary approval no later than 3:00 p.m., Wednesday, February 3, 2026. The Debtor has submitted a Proposed Order granting approval on a preliminary basis.

29. The Debtors further request approval of their use of cash collateral and adequate protection on a final basis and request that the Court set a hearing on final approval as provided in Fed. R. Civ. P. 4001(b). The Debtors have submitted a separate Proposed Order granting approval on a final basis.

## Notice

30. No trustee, examiner or creditors' committee has been appointed in the Debtor's chapter 11 case. As required by Fed. R. Bankr. P. 4001(b)(1)(C), notice of this Motion is being given to (i) the United States Trustee for the Eastern District of Wisconsin, (ii) the creditors identified on the Debtors' lists of its twenty largest unsecured creditors, (iii) Newtek, (iv) United States Small Business Association, (v) Old National Bank, (iv) parties who have filed request for electronic notice in this case, (vi) other parties believed to have filed financing statements asserting a lien in the Debtors' cash and accounts, namely, AKF Inc. dba Fundkite, MCA Servicing Company Aurum Funding Source, Panthers Capital, and TVT Capital Source, as well as, the designated representatives C T Corporation System, Corporation Service Company, and CHTD Company.

## Conclusion

Wherefore, the Debtors requests approval to use cash collateral and the granting of adequate protection on a preliminary and final basis on the terms specified in this motion and other relief as is just.

| Dated: February 2, 2026. | */s/ Evan P. Schmit* |
| --- | --- |
| | Evan P. Schmit |
| <u>P.O. Address</u>: | Kerkman & Dunn |
| | |
| 839 N. Jefferson St., Suite 400 | Proposed Attorneys for Debtors |
| Milwaukee, WI 53202 | |
| Phone: 414.277.8200 | |
| Email: eschmit@kerkmandunn.com | |