UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    **All-City Towing LLC,**[1]      Case No. 26-20523-rmb
    **Bret's Towing LLC,**      Case No. 26-20524-rmb
                                           **Chapter 11 Proceedings**
                                             **(Motion for Joint**
                                             **Administration Pending)**
                    **Debtors.**

## ORDER APPROVING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

       This matter came before the Court on February 3, 2026, on the motion of All-City Towing LLC together with Bret's Towing LLC (the "Debtors"), for approval of the use of cash collateral

---

[1] The motion for joint administration has been filed in each of the affiliated debtors' cases. At the time this motion was filed, the Court had not granted it. The caption showing related debtors is being used to alert parties-in-interest that an identical motion is being filed in each case. The caption should not be construed that Court has approved the joint administration motion

<u>Drafted by</u>:

Evan P. Schmit
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com

in which Newtek Business Services Holdco 6, Inc. or NBL SPV II LLC (collectively "Newtek"), Old National Bank ("Old National"), the United States Small Business Administration ("SBA"), AKF Inc. dba Fundkite ("Fundkite"), MCA Servicing Company ("MCA Servicing"), Aurum Funding Source ("Aurum Funding") Panthers Capital ("Panthers"), and TVT Capital Source ("TVT") (collectively NBL, Old National, SBA, Fundkite, MCA Servicing, Aurum Funding, Panthers, and TVT are referred to as the "Secured Creditors") may have an interest, and to provide them with adequate protection pursuant to 11 U.S.C. § 363(c)(2)(B) and (3), and Fed. R. Bankr. P. 4001(b).

The Court finds that it has jurisdiction over this matter pursuant to §§ 157 and 1334, and the order of reference filed in this district entered pursuant to §157(a). The Court also finds that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M) as a matter with respect to the administration of the Debtors' estates and the use of cash collateral.

The Court also finds that the Debtors will suffer irreparable harm if not permitted to use cash on an interim basis.

For the reasons stated on the record,

**IT IS ORDERED that:**

1. The following adequate protection is granted to the Secured Creditors:

(a) *Replacement Liens*. The Secured Creditors and any other creditor with an interest in cash collateral are granted replacement liens of the same priority to the same extent in the cash collateral as existed immediately before the Petition Date (the "Replacement Liens"). The Replacement Liens are deemed automatically perfected upon entry of this order without the necessity of a creditor taking possession, filing financing statements, mortgages or other documents; provided, however, that upon request of a Secured Creditor and any other creditor

determined to have a valid lien that attaches to cash collateral, the Debtor will execute any necessary perfection documents to reflect the Replacement Liens. No creditor shall improve its secured position because of the Replacement Liens.

(b) *Extension of Pre-Petition Liens*. The liens of creditors with an interest in cash collateral pursuant to any security agreements will extend to the collateral under the Replacement Liens, and the products and proceeds thereof under § 552(b) of the Bankruptcy Code.

(c) *Adequate Protection Payments*. Newtek shall be paid $59,172.49, as required under the documents between it and All-City, as applicable, that exist on the Petition Date. The SBA shall be paid $2,570.00 as required under the documents between it and All-City, as applicable, that existed on the Petition Date. Old National shall be paid $4,089.52 as required under the documents between it and Bret's Towing.

(d) *Reporting*. The Debtor will provide reports of its receipts and distributions consistent with the monthly reporting requirements for chapter 11 cases.

(e) *Insurance*. The Debtor will continue to maintain general property, casualty, workers comp, and commercial general liability coverage, consistent with their coverage before the Petition Date, appropriate for the Debtors' operations, and as required under the loan documents with NBL that existed as of the petition date with respect to its collateral.

(f) *Payroll and Withholdings*. The Debtors will pay all employee payroll when due and further remit all required employee withholdings and employer-side payroll tax obligations—including federal, state, and local withholding taxes; FICA; Medicare; unemployment taxes; and any garnishments or deductions withheld for benefits plans—to the appropriate taxing authorities or third-party administrators in the ordinary course.

(g) *Other*. The Debtors will comply with all non-monetary terms of the loan

documents with Newtek except solvency-related covenants or other provisions contrary to the Bankruptcy Code or any order of the Court to the extent that any term conflicts with the Bankruptcy Code or with any other order of the Court.

2.  Until notice is provided and the Court conducts a final cash collateral hearing and enters an order authorizing the Debtors' use of cash collateral on a final basis, or termination as provided below, the Debtors are authorized to use cash collateral solely in accordance with the Interim Budget, which is attached as Exhibit 1, subject to variations of up to 10% in excess of the amounts listed without further approval, and such greater variation if Newtek, SBA, and Old National approve or the Court enters an order approving additional amounts.

3.  The Debtor's interim use of cash collateral pursuant to this Order shall terminate on the earlier a trustee being appointed in place of the debtor-in-possession, the chapter 11 case being dismissed, a permanent order permitting the use of cash collateral and adequate protection being entered, or as otherwise specified in a further order of the Court.

# # # # #