UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| All-City Towing LLC, | Case No.: 26-20523-rmb |
| Bret's Towing LLC, | Case No.: 26-20524-rmb |
| ACT RE LLC, | Case No.: 26-20525-rmb |
| Bret's RE LLC, | Case No.: 26-20526-rmb |
| OMS Properties LLC, | Case No.: 26-20527-rmb |
| 5408 S 13th LLC, | Case No.: 26-20528-rmb |
| 5414 S 13th LLC, | Case No.: 26-20529-rmb |
| Daddy Jeff LLC, | Case No.: 26-20530-rmb |
| Mactire Services LLC, | Case No.: 26-20531-rmb |
| Jeffrey Piller and Candice Brecht, | Case No.: 26-20532-rmb |
| Debtors. | Chapter 11 Proceedings (Motion for Joint Administration Pending) |

**ORDER AUTHORIZING THE DEBTOR TO RETAIN KERKMAN & DUNN AS GENERAL COUNSEL**

All-City Towing, LLC ("All-City"), together with Bret's Towing LLC ("Bret's Towing"), ACT RE LLC ("ATC RE"), Bret's RE LLC ("Bret's RE"), OMS Properties LLC ("OMS"), 5408 S 13th LLC ("5408"), 5414 S 13th LLC ("5414"), Daddy Jeff LLC ("Daddy Jeff"), Mactire Services LLC ("Mactire Services"), and Jeffrey Piller ("Piller") and Candice Brecht (together with Piller "Individual Debtors") (collectively, All-City, Bret's Towing, ATC

RE, Bret's RE, OMS, 5408, 5414, DJ, Mactire Services, Individual Debtors, individual each a "Debtor" collectively referred to as the "Debtors") filed applications to employ Kerkman & Dunn as general counsel (the "Application"). No objections have been filed.

**IT IS ORDERED** that:

1. The Debtor is authorized to retain the law firm of Kerkman & Dunn ("K&D"), under a general retainer, to represent the Debtor in its chapter 11 proceedings pursuant to § 327 of the Bankruptcy Code.

2. If the assets of the estates are insufficient to pay administrative costs, including fees to professional persons appointed by court order, interim payments on such fees may not be allowed if it cannot be shown that there is a reasonable likelihood that the estate will in the future generate sufficient cash to pay all administrative expenses in full.

3. The terms and conditions of all fee arrangements are subject to the provisions of 11 U.S.C. § 328(a) which states in part that the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

# # # # #