**In re:**

| | |
|---|---|
| | **Case No. 26-** |
| **All-City Towing LLC,** | **Case No.: 26-20523-rmb** |
| **Bret's Towing LLC,** | **Case No.: 26-20524-rmb** |
| **ACT RE LLC,** | **Case No.: 26-20525-rmb** |
| **Bret's RE LLC,** | **Case No.: 26-20526-rmb** |
| **OMS Properties LLC,** | **Case No.: 26-20527-rmb** |
| **5408 S 13th LLC,** | **Case No.: 26-20528-rmb** |
| **5414 S 13th LLC,** | **Case No.: 26-20529-rmb** |
| **Daddy Jeff LLC,** | **Case No.: 26-20530-rmb** |
| **Mactire Services LLC,** | **Case No.: 26-20531-rmb** |
| **Jeffrey Piller and Candice Brecht,** | **Case No.: 26-20532-rmb** |

**DECLARATION OF DISINTERESTED BY PROPOSED COUNSEL, KERKMAN & DUNN, AND DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. §§ 329 AND 504, AND BANKRUPTCY RULES 2014(a) AND 2016(b) AND (c)**

I, Evan P. Schmit, state that the following is true to the best of my knowledge, information, and belief:

**Background**

1. I am an attorney with the law firm of Kerkman & Dunn ("K&D") located at 839 N. Jefferson St. Suite 400, Milwaukee, Wisconsin 53202. I am a member in good standing of the Wisconsin State Bar and am admitted to practice before this Court.

2. I am submitting this declaration in support of the application of the above-named debtors (the "Debtors") for authorization for to retain and employ K&D as its counsel under § 327(a) of the Bankruptcy Code.[1]

---

[1] The application has been filed in each of the cases. At the time the applications were filed, the debtors' motion for joint administration has not been granted. The caption showing all related debtors is being used to alert parties-in-interest that the identical motion is being filed in each case. The caption should not be construed that Court has approved the joint administration motion

3. I am submitting this declaration in support of the application of the above-named debtors (the "Debtors") for authorization for to retain and employ K&D as their counsel under § 327(a) of the Bankruptcy Code.

**Disclosure of Connections Required by Rule 2014(a)(3)**

4. K&D is not one of the Debtors and is not a creditor of any of the Debtors.

5. Based upon our review of the information provided by the Debtors, neither I, K&D, nor any partner or associate of K&D has any connection with the Debtors, their creditors, or any other parties-in-interest, their respective attorneys and accountants, the United States trustee or any person employed in its office, except as disclosed in this declaration.

6. Jerome Kerkman is a member of the subchapter V trustee panel established under the auspices of the United States trustee program.

7. K&D has reviewed the lists of creditors used to generate the mailing matrix in this case and other information received for preparation of the schedules and statements of financial affairs that K&D received from the Debtors. As a result of that review, K&D has no current clients that appear in the information provided except as disclosed in this declaration.

8. K&D has identified the following connections for disclosure under Rule 2014(a)(3) that arise from K&D's representation of all the Debtors:

  (a) Debtor Jeffrey J. Piller owns 100% of the equity interests of all the other Debtors. Mr. Piller controls and operates all Debtors.

  (b) All-City Towing LLC ("All-City") and Bret's Towing LLC are the two operating entities for the Debtors' auto-repair, maintenance, towing, and transportation businesses. All-City Towing employs all employees that work for it and Bret's Towing. Payroll for all employees is issued by All-City Towing. Bret's Towing

2

transfers funds to All-City Towing for its apportioned share of the employee wages. Mactire Services LLC ("Mactire Services") manages the Debtors' real estate holdings. The real properties out of which the Debtors operate are owned by OMS Properties LLC, ACT RE LLC, and Bret's RE LLC. The Debtors also own properties related to the business that are held by Daddy Jeff LLC, 5408 S 13th LLC, and 5414 S 13th LLC. Bret's RE, 5408 S 13th, and 5414 S 13th lease space to unrelated third parties. Mactire Services collects rents from the third-party tenants to put toward mortgage payments on those properties. Historically, All-City and Bret's Towing pay for the additional real estate expenses. To keep track of the real estate expenses separate from the operating business, real estate expense payents were recorded as a balance against Mactire Services; however, the intercompany balances do not represent an actual obligation or debt.

(c) In addition to the relationships among the Debtors that are described above, the Debtors have cross-guaranties for each other's debts. Newtek[2] is the largest creditor of the Debtors. It is owed approximately $5.1 million under a loan agreement that is secured by real property and effectively all the Debtors' personal property. Other lenders also have agreements where the Debtors are either co-borrowers or provided guaranties of each other's obligations. K&D is in the process of sorting through the relationship.

9. K&D and its attorneys may use some of the creditors, such as utility and telephone

---

[2] From our review of documents, it appears that Newtek and NBL SPV II LLC are related as either assignor/assignee or one services the debt for the other. Until K&D has sufficient information to determine the relationship, the pleadings refer to Newtek but notices are being provided to both Newtek and NBL

3

providers and lending institutions, as their own vendors.

10. K&D does not currently represent, nor will it in the future represent, any entity in connection with these pending chapter 11 cases or have any relationship with any such entity, its attorneys or its accountants, which would be materially adverse to the Debtors or their estates.

**Section 329(a) and Rule 2016(b) Disclosures**

11. K&D has received a total of $85,000 in the aggregate from All-City for all the Debtors. The amounts of $10,000 and $75,000 were paid on January 2, 2026, and January 28, 2026, respectively. They were paid as an "advance payment retainer" as defined in SCR 19:1.5(g) of the Wisconsin Rules of Professional Responsibility. Advance payment retainers are property of K&D that are subject to refund of unearned advance fees along with an accounting at the termination of the representation. SCR 19:1.5(g); *Dowling v. Chi. Options Assocs., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007); *see also*, *In re Pawlak*, 483 B.R. 169, 177 - 9 (Bankr. W.D. Wis. 2012) (Judge Utschig decided *Palak* before SCR 19:1.9(g) was approved by Wis. S. Ct. Order 22-05 on March 1, 2023, with an effective date of July 1, 2023; Judge Utschig held an advanced payment retainer was not property of the bankruptcy estate.) Both retainer payments were received in K&D's operating account. At no time was any advance payment retainer, or portion of it, transferred to or held in a client trust, custodial, or escrow account. As of the chapter 11 filings, after paying the chapter 11 filing fees, the amount that was unearned was $26,554.00. K&D agrees that after the Petition Date, as part of its interim or final fee application, it will disclose time spent, rates charged, and the tasks performed that are paid from the advanced payment retainer and that the fees and expenses are subject to the Court's determination as to their reasonableness.

12. K&D charges for its legal services at the following rates for attorneys and paraprofessionals who provide services to the Debtors in connection with the chapter 11

4

proceedings:

| Jerome R. Kerkman | $625 per hour | Tyler M. Jones | $315 per hour |
|---|---|---|---|
| Evan P. Schmit | $525 per hour | Paraprofessionals | $125 per hour |
| Nicholas W. Kerkman | $350 per hour | | |

13. It is K&D's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that client. It is also K&D's policy to charge its clients only the amount actually incurred by K&D in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses (including meals), court reporter services, telephone and Zoom conference calls, computer-assisted legal research, photocopying, airfare, meals, and lodging.

14. K&D currently charges $.20 per page for standard duplication in its offices. For large projects, K&D uses a commercial copy service and has the charges directly billed to the client and paid by the client.

15. K&D intends to apply to the Court pursuant to the Rules and Bankruptcy Code for payment of its fees and expenses.

16. No promise has been made by K&D or any of its members as to payment or compensation in connection with these chapter 11 cases other than in accordance with the Bankruptcy Code, as disclosed above. K&D has no agreement with any other entity to share with such entity any compensation received by K&D in connection with this case.

### K&D is "Disinterested"

17. To the best of my knowledge, K&D does not represent any interest adverse to the Debtor or its estate in the matters as to which K&D is to be engaged by the Debtor except as disclosed in this declaration. I submit that K&D is a "disinterested person" within the meaning of

5

§ 101(14) of the Bankruptcy Code.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.**

Dated: February 3, 2026.

*/s/ Evan P. Schmit*
Evan P. Schmit
Kerkman & Dunn

Proposed Attorneys for the Debtors

Contact Information:

Evan P. Schmit
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3722
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com